**Scott F. ROSE, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD,**
**Respondent.**

**No. 12074.**

United States Court of Appeals
Fourth Circuit.

Argued May 9, 1968.

Decided May 29, 1968.

David H. Frackelton, Bristol, Va. (H. E. Widener, Jr., and Widener, Widener & Frackelton, Bristol, Va., on brief), for petitioner.

Dale G. Zimmerman, Attorney-Advisor, Railroad Retirement Board (Myles F. Gibbons, General Counsel, David B. Schreiber, Associate General Counsel, and Louis Turner, Atty., Railroad Retirement Board, on the brief), for respondent.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BRYAN, Circuit Judges.

PER CURIAM:

Appealing from the Railroad Retirement Board's denial of a claimed annuity benefit under 45 U.S.C. §§ 228a–228z–1, petitioner Rose, a former employee of the Southern Railroad, objects to the Board's procedure in determining his eligibility. Benefits are made available under Section 2(a) of the Act to otherwise qualified claimants who "have completed ten years of service." Terms of employment are to be computed from records which the Act requires the employer to maintain. No provision, however, is made for determining the period of time served by a claimant prior to the enactment of the statute in 1937. To resolve this problem, the Board promulgated the challenged Regulation, 20 CFR 220.4, which provides that when verifying the claimed service performed prior to the Act the Board will rely on the employer's records except where they prove to be unavailable or incomplete. In such cases, the claimant is permitted to submit affidavits and depositions in support of his claim.

It is Rose's contention that the Board erred when, in reliance on this Regulation, it rejected his claim solely on the basis of Southern's employment records. He further contends that the standards embodied in the Regulation are unduly restrictive and not in accord with the purpose of the Act. In the alternative, assuming the propriety of the Regulation, Rose claims that he has satisfactorily demonstrated the incompleteness of Southern's records and is thus, pursuant to the Regulation, entitled to submit additional affidavits and depositions and to have his claim heard. This second contention is grounded primarily on the fact that while Southern initially reported Rose's term of employment at twenty months, two subsequent checks of their records, undertaken at the request of the Board, revealed two additional months of employment. Even with the addition of these two months to the thirty-four months acknowledged—twenty before the enactment of the law and fourteen thereafter—the total is far from the required 120 months.

■ Upon consideration, we are satisfied that Section 220.4 of the Regulations is neither unduly restrictive nor inconsistent with the purpose of the Railroad Retirement Act. Mindful of the problems that necessarily arise when, as in the instant case, claims made long af-

ter the Act are based in part on employment prior to its passage, the Board concluded that records of employers, where complete, are more reliable than the recollection of fellow employees as recounted in affidavits. We do not quarrel with this reasoning.

■ As for Rose's second contention, we are of the opinion that he has failed, on the record before us, to demonstrate the incompleteness of Southern's records for the period in question. However, in light of certain ambiguities in the record, pointed out in argument, coupled with Rose's claim that he can demonstrate that the Railroad Company failed to maintain a full complement of employment records for work conducted at its Appalachian division, where claimant allegedly spent most of his time, we dismiss this appeal without prejudice, with leave to Rose to petition for reopening of the case if he can make an adequate showing that the Company's records are, in fact, incomplete, and will present independent evidence in support of his claim more specific than the very general affidavits he has heretofore offered.

Dismissed without prejudice.